UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

LARRY J. SHELTON COLLINS, JR.,

                              Plaintiff,

                                                              Case # 12-CV-6595-FPG
v.

                                                                 Case # 12-CV-6595-FPG

                                                                DECISION AND ORDER

SEG. RICHARD GOODLIFF,
OFFICER KEITH MALORY,
NURSE SLACK, and
JOHN DOE,

                              Defendants.
───────────────────────────────

*Pro se* Plaintiff Larry J. Shelton Collins, Jr. has brought this suit under 42 U.S.C. § 1983, alleging that Defendants, who are employees of the New York State Department of Corrections and Community Supervision ("DOCCS"), violated his constitutional rights. The Amended Complaint alleges that the Plaintiff was subjected to excessive force on or about June 10, 2012, and afterwards, the Defendants covered up the incident. Because Plaintiff failed to exhaust his administrative remedies before commencing this action, Defendants' Motion for Summary Judgment is granted, and this case is dismissed with prejudice.

## DISCUSSION

The standard for ruling on a summary judgment motion is well known. A party is entitled to summary judgment "if the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings,

depositions, answers to interrogatories, and admissions on file." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted).

When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). In order to establish a material issue of fact, the non-movant need only provide "sufficient evidence supporting the claimed factual dispute" such that a "jury or judge [is required] to resolve the parties' differing versions of the truth at trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). If, after considering the evidence in the light most favorable to the non-moving party, the Court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. *Scott*, 550 U.S. at 380 (citing *Matsushita*, 475 U.S. at 586-587).

Because the Plaintiff is proceeding *pro se,* his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Accordingly, I will interpret Plaintiff's submissions "to raise the strongest arguments that they suggest." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009).

The Defendants argue that Plaintiff failed to exhaust his administrative remedies prior to commencing this lawsuit, and as a result, his Complaint cannot proceed. I agree.

Under the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 ... or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

2

administrative remedies as are available are exhausted." The administrative exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). If an inmate fails to exhaust their administrative remedies, they are barred from commencing a federal lawsuit. *Martin v. Niagara County Jail*, No. 05–CV–00868(JTC), 2012 WL 3230435, at *6 (W.D.N.Y. Aug. 6, 2012). In other words, to commence a lawsuit "prisoners must complete the administrative review process in accordance with the applicable procedural rules – rules that are defined not by the PLRA, but by the prison grievance process itself." *Johnson v. Killian*, 680 F.3d 234, 238 (2d Cir. 2012). Exhaustion necessitates "using all steps that the [government] agency holds out, and doing so properly." *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). To be "[p]roper," exhaustion must comply with all of the agency's "deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90-91.

To satisfy the PLRA's exhaustion requirement, an inmate in New York is generally required to follow the prescribed DOCCS grievance procedure, which is set forth at 7 N.Y.C.R.R. § 701.5. In short, a prison inmate's administrative remedies consist of a three-step grievance and appeal procedure: (1) investigation and review of the grievance by the Inmate Grievance Resolution Committee ("IGRC"), which is comprised of inmates and DOCCS employees; (2) if appealed, review of the IGRC's determination by (or, if the committee is unable to reach a determination, referral to) the superintendent of the facility; and (3) if the superintendent's decision is appealed, review and final administrative determination by the Central Office Review Committee ("CORC"). *See Id.* All three steps of this procedure must ordinarily be exhausted before an inmate may commence suit in federal court. *See Morrison v. Parmele*, 892 F. Supp. 2d 485, 488 (W.D.N.Y. 2012) (citing *Porter*, 534 U.S. at 524).

In both his Complaint and his Amended Complaint, Plaintiff states that he filed a grievance, but claims it is "still pending." Dkt. ## 1, 7. Based upon that statement, the Defendants moved for summary judgment, and in responding to that motion, the Plaintiff similarly states that "it has now been over a year, and the plaintiff's grievance is still pending." Dkt. # 23. Dkt. ## 22, 23, respectively.

The parties appeared before the Court on September 4, 2014, and during that proceeding the Plaintiff stated that he did not file any appeal with either the superintendent or the CORC regarding this grievance. I directed the Defendants to submit any additional materials in support of their summary judgment motion by September 12, 2014, and gave the Plaintiff until September 26, 2014 to file any supplemental papers that could demonstrate that he exhausted his administrative remedies. While the Defendants filed their supplemental submission on September 12, 2014 (Dkt. #41), the Court has not received any further materials from the Plaintiff.

In their supplemental submissions, Defendants have submitted proof in admissible form by way of an affidavit from Jeffery Hale, the Assistant Director of DOCCS Inmate Grievance Program. Dkt. # 41, Exh. 1. In his affidavit, Hale states that he searched DOCCS records to see if the Plaintiff appealed the grievance in this case to the CORC, and his search found no such appeal. This evidence, which is uncontroverted by Plaintiff, establishes that no such appeal ever existed at the CORC. Although the Plaintiff filed a grievance regarding the June 10, 2012 incident, he was still required to file an appeal with the CORC even though he never received a decision on the original grievance. *Williams v. Hupkowicz*, No. 04–CV–0051, 2007 WL 1774876, at *4 (W.D.N.Y. June 18, 2007) ("Even assuming that an inmate received no timely official response as contemplated by the regulations to a grievance at any stage in the inmate grievance process, the inmate could nevertheless appeal such grievance to the next level, and the

failure to do so constitutes a failure to exhaust his administrative remedies as required under the PLRA."); *see also Hecht v. Best*, No. 12 CIV. 4154 (CM), 2012 WL 5974079 (S.D.N.Y. Nov. 28, 2012); *Goodson v. Silver*, 09-CV-0494 (GTS/DRH), 2012 WL 4449937, at *4 (N.D.N.Y. Sept. 25, 2012); *George v. Morrison–Warden*, 06 CIV. 3188(SAS), 2007 WL 1686321, at *3 (S.D.N.Y. June 11, 2007) (quoting *Bligen v. Griffen*, No. 06 Civ. 4400, 2007 WL 430427, *2 (S.D.N.Y. Feb. 8, 2007); *Williams v. City of New York*, No. 03 Civ. 5342, 2005 WL 2862007, at *10 (S.D.N.Y. Nov. 1, 2005).

Although I am aware that non-exhaustion can be excused under certain circumstances, *see Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004), the Plaintiff has advanced no justification to excuse his failure to exhaust his administrative remedies in this case. Plaintiff had the ability to file an appeal regarding his grievance in this case, but chose not to do so. There is no allegation – much less any evidence – that Plaintiff was in any way prevented from accessing the grievance process as it relates to this incident, and there are no special circumstances alleged or proven that would justify the Plaintiff's failure to comply with DOCCS' grievance procedures. As a result, Plaintiff's failure to exhaust his administrative remedies is fatal to his action, and the Defendants are entitled to summary judgment.

## CONCLUSION

Defendants' Motion for Summary Judgment (Dkt. # 22) is GRANTED and this action is dismissed with prejudice. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of

Appellate Procedure. The Clerk of the Court is directed to enter judgment and terminate this case.

    IT IS SO ORDERED.

DATED:    September 30, 2014
             Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge