UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LARRY J. SHELTON COLLINS, JR.,

                                            Plaintiff,

                                                                   Case # 12-CV-6595-FPG

v.

                                                                   DECISION AND ORDER

SEG. RICHARD GOODLIFF,
OFFICER KEITH MALORY,
NURSE SLACK, and
JOHN DOE,

                                            Defendants.
_____

By Decision and Order dated September 30, 2014, I granted the Defendants' Motion for Summary Judgment, finding that the Plaintiff failed to exhaust his administrative remedies prior to commencing this lawsuit. Dkt. # 42; *Collins v. Goodliff*, No. 12-CV-6595-FPG, 2014 WL 4923606 (W.D.N.Y. Sep. 30, 2014). Familiarity with that decision is presumed.

Subsequent to that decision, the Plaintiff sent correspondence to the Court that was received on October 16, 2014[1]. Dkt. # 44. Given the Plaintiff's *pro se* status, I liberally construed his letter as a Motion for Reconsideration, and the Defendants duly responded to the application on October 27, 2014. Dkt. # 45.

DISCUSSION

Motions for reconsideration are governed by Local Rule of Civil Procedure 7(d)(3) and Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical*

---

[1] The Plaintiff's letter is dated September 18, 2014, which was prior to the Court's September 30, 2014 decision. Even if I considered the document to be filed on that date under the so-called prison mailbox rule, *see Houston v. Lack*, 487 U.S. 266 (1988), it would not alter the outcome of this case.

*Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "A motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc.*, 684 F.3d at 52 (citation omitted). Accordingly, on a motion for reconsideration, a party may not merely offer the same "arguments already briefed, considered and decided," nor may a party "advance new facts, issues or arguments not previously presented to the Court." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990). The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

The Plaintiff fails to meet this demanding standard. As the Defendants point out, the Plaintiff has not provided any new arguments for the Court to consider, nor does he point to any facts or law that the Court overlooked in reaching its prior decision. Instead, the current application largely reiterates points that were previously made, which is not an appropriate basis for seeking reconsideration.

The application does attach three pages of exhibits that were not previously submitted to the Court. Because they are not newly discovered and were not previously submitted, they are not a proper basis for a reconsideration motion. *Schonberger*, 742 F. Supp. at 119. In this case, it does not make a difference, because even when these documents are taken into account, the result is the same. Although the Plaintiff argues that his newly submitted documents establish that he filed a grievance regarding the June 10, 2012 excessive force incident that was the subject

2

of his Complaint in this case, the documents simply do not support his contention. Instead, the documents clearly show that they are from the Plaintiff's disciplinary hearing – a process that is completely separate from the prison grievance process. At best, the final document submitted by the Plaintiff purports to be a request from the Plaintiff to file a grievance because he had not yet received a determination regarding his appeal of the guilty verdict in his disciplinary hearing. That letter, dated October 14, 2013, was submitted 16 months after the June 10, 2012 incident, making it untimely by over 15 months. *See* 7 N.Y.C.R.R. § 701.5(a)(1) (requiring grievances to be filed "within 21 calendar days of an alleged occurrence"). Further, the subject matter of the proposed grievance – the lack of a decision on his appeal of a disciplinary conviction – is far different than what was required, namely, a timely grievance over the alleged excessive force that Plaintiff claims he was subjected to on June 10, 2012.

To the extent that the Plaintiff is arguing that any complaints he made in the disciplinary proceeding should serve as a substitute for filing a grievance, I disagree. Numerous courts considering that issue have found that complaints that were not filed as formal grievances cannot satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a). *See Scott v. Gardner*, 287 F. Supp. 2d 477, 488-489 (S.D.N.Y. 2003) ("Letters of complaint, regardless of the addressee, are not part of the grievance process and do not satisfy the exhaustion requirement."); *Hemphill v. New York*, 198 F. Supp. 2d 546, 549 (S.D.N.Y. 2002) ("The remedies afforded an aggrieved prisoner are clear, and prisoners have no authority or ability to invent their own grievance procedures."); *Beatty v. Goord*, 210 F. Supp. 2d 250, 255-56 (S.D.N.Y. 2000) ("Permitting Plaintiff to bypass the Inmate Grievance Program, as he chooses, would undermine the important objective of creating an efficient and effective prison grievance mechanism.").

Nothing the Plaintiff has submitted demonstrates that the Court overlooked facts or law that would change the outcome of this case, and the fact remains that the Plaintiff failed to exhaust his administrative remedies prior to commencing this suit.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion for Reconsideration (Dkt. # 44), is DENIED in all respects. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: November 13, 2014
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge