UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LARRY J. SHELTON COLLINS, JR.,

                Plaintiff,

v.

SEG. RICHARD GOODLIFF,
OFFICER KEITH MALORY,
NURSE SLACK, and
JOHN DOE,

                Defendants.

Case # 12-CV-6595-FPG

DECISION AND ORDER

---

LARRY J. SHELTON COLLINS, JR.,

                Plaintiff,

v.

SEG. RICHARD GOODLIFF,
OFFICER KEITH MALORY,
NURSE SLACK, and
JOHN DOE,

                Defendants.

Case # 14-CV-6722-FPG

DECISION AND ORDER

*Pro se* Plaintiff Larry J. Shelton Collins, Jr. has filed a Motion in case number 12-CV-6595 ("*Collins I*"), seeking an extension of time to file a notice of appeal. Dkt. # 47. That document does not specify how long of an extension the Plaintiff is seeking, and the basis for the motion is the Plaintiff's statement that "it would very difficult for as making shore (sic) that the court get these documents because I'm having problem with facility far as mailing out my mail." *Id.* Around the same time that this motion was filed, the Plaintiff also sent documents in the style of a complaint, naming the same facts and defendants as in *Collins I*, to the United States

District Court for the Southern District of New York. The Southern District later transferred their case to this district, and it was assigned case number 14-CV-6722 ("*Collins II*").

A review of the Complaint in *Collins II* reveals that the case is identical to *Collins I*. While the Plaintiff's writings are not a model of clarity, a close reading of the documents filed in *Collins II*, coupled with the fact that the Plaintiff has expressed his desire to appeal this Court's decision in *Collins I*, leads me to the conclusion that *Collins II* was never intended to be a separate action in district court, but was the Plaintiff's attempt at filing an appeal with the United States Court of Appeals for the Second Circuit. The Plaintiff's most recent letter to this Court exemplifies this point, as the Plaintiff wrote that "the defendants are aware that this matter was close (sic) in the District Court and at that time any appeal was handle (sic) by Second Circuit Court ... the district court doesn't handle appeal process the circuit court do. The court is aware that I forward my appeal directly to the circuit court." *Collins II*, Dkt. # 9, at 8.

Because the Plaintiff is proceeding *pro se*, it is important to remember that his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted), and are interpreted "to raise the strongest arguments that they suggest." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009).

The Plaintiff's application for an extension of time to file a notice of appeal is governed by Fed. R. App. P. 4(a)(5), which provides that a

> district court may extend the time to file a notice of appeal if (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

In this case, the Plaintiff's Motion under Rule 4(a)(5) was filed 12 days after I denied his motion for reconsideration, so it is timely. In determining whether "excusable neglect or good cause" exists for the requested extension, district courts consider four factors: (1) the risk of

2

prejudice to the nonmoving party; (2) the length of the delay and its potential prejudice upon the judicial proceeding; (3) the reason for the delay; and (4) whether the moving party has acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The most important factor is the reason for the delay, and "the other three are significant only in close cases." *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415-16 (2d Cir. 2004).

Here, the reason for the delay seems to be the Plaintiff's misdirection of his filings, and his misunderstanding of where the required documents were to be delivered. There is no dispute that he mailed his application to this Court within a timely fashion, and I note that the Plaintiff mailed his case initiation documents – albeit mistakenly – to the Southern District of New York, a court that hears cases in the same building as the Second Circuit Court of Appeals. The relatively modest delay will prejudice neither party, and although the Plaintiff sent his documents to the wrong location, I cannot say he acted in bad faith.

Given all of this, and granting the *pro se* litigant some latitude due to his status, I find that good cause exists to extend the time for the Plaintiff to file a notice of appeal regarding *Collins I*. I will grant the Plaintiff until April 3, 2015 to file his notice of appeal, and I will further direct the Clerk of this Court to mail a copy of the standard notice of appeal form to the Plaintiff along with this Decision and Order.

The Plaintiff is hereby advised that if he wishes to appeal my decision in *Collins I*, he must complete the notice of appeal form, and then mail it to the Clerk of the Court, Western District of New York, 100 State Street, Rochester, NY 14614. Upon receipt, the Clerk will transmit the appeal to the United States Court of Appeals for the Second Circuit, and all further contact will then occur between the Plaintiff and the Second Circuit.

3

Since it is apparent that *Collins II* is entirely duplicative of *Collins I*, and was not intended to be a new case litigated in this Court, but rather was an attempt to appeal my decision is *Collins I*, *Collins II* is hereby dismissed with prejudice.

## CONCLUSION

For all of the foregoing reasons, it is hereby ORDERED that:

1) Plaintiff's application for an extension of time to file a notice of appeal regarding *Collins I* is granted, and his notice of appeal must be filed by April 3, 2015.

2) The Clerk of this Court shall mail a copy of the standard notice of appeal form to the Plaintiff along with this Decision and Order;

3) If the Plaintiff wishes to appeal my decision in *Collins I*, he must complete the notice of appeal form, and then mail it to the Clerk of the Court, Western District of New York, 100 State Street, Rochester, NY 14614, before April 3, 2015.  Upon receipt, the Clerk of this Court will transmit the appeal to the United States Court of Appeals for the Second Circuit, and all further contact will occur between the Plaintiff and the Second Circuit.

4) *Collins II*, being duplicative of *Collins I*, is hereby dismissed with prejudice, and the Clerk of the Court is directed to close that case.

IT IS SO ORDERED.

DATED: Rochester, New York
March 4, 2015

_____
HON. FRANK P. GERACI, JR.
United States District Judge